Case 4:24-cv-05154   Document 9   Filed on 07/28/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS D. WRIGHT, § | |
| BOP # 24986-380, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-5154 |
| § | |
| WARDEN, USP-BEAUMONT, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Marcus D. Wright, is a federal inmate. On January 27, 2025, the Court dismissed this case for lack of subject-matter jurisdiction (Dkt. 7). Wright filed a motion for reconsideration (Dkt. 8), which is timely under Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

Wright's motion argues that dismissal was improper because he is illegally held in federal custody and had proven, by his pleadings, that his life is in imminent danger. He claims that the Court failed to properly consider his claims and has a duty to review all

petitions impartially. He further claims that the Court dismissed his case based on venue or mootness, that the Court disregarded his claims of life endangerment, and that he lacks access to writing supplies and full library services.

Contrary to Wright's statements in the motion, the Court did not dismiss his case for improper venue or as moot, but rather for lack of jurisdiction. The dismissal order explained that, to the extent Wright sought relief under 28 U.S.C. § 2255, jurisdiction would lie in the Western District of Texas, San Antonio Division. It further explained that, to the extent he sought relief under 28 U.S.C. § 2241, jurisdiction would lie in the district and division where he is confined. Under either statute, this Court lacks jurisdiction.

Wright's motion demonstrates no basis for relief under Rule 59(e) or other legal authority. Therefore, his motion for reconsideration (Dkt. 8) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on         July 28                        , 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE